United States District Court
Northern District of Texas
Dallas Division

City of Dallas,

    *Plaintiff*

v.

Triple D Gear, LLC,

    *Defendant*

Case No. 3:23-cv-02367-K

### Defendant's Original Answer and Affirmative Defenses

Subject to and without waiving Defendant Triple D Gear, LLC's Rule 12(b)(6) Motion for Partial Dismissal and Brief in Support [Dkt. #11], Triple D files this Original Answer and Affirmative Defenses to Plaintiff City of Dallas' (the "City") Original Complaint [Dkt. #1]. Triple D states the following in response:

### NATURE OF THE ACTION

1.    Paragraph 1 of the Complaint sets forth the nature of the City's action and requested relief to which no response is required. Nevertheless, Triple D admits that the City brings this civil action for review of a decision of the Trademark Trial and Appeal Board of the United States Patent and Trademark Office ("TTAB") pursuant to 15 U.S.C. § 1071(b)(2) and for cancellation of registrations pursuant to 15 U.S.C. §§ 1119 and 1120. Triple D denies the remaining allegation in Paragraph 1 that the registrations were fraudulently obtained.

2.    Paragraph 2 of the Complaint sets forth the nature of the City's action and requested relief to which no response is required. Nevertheless, Triple D admits the City seeks review of the TTAB's decision dated August 23, 2023 in the matter of *City of Dallas v. Triple D Gear, LLC*, Cancellation No. 92077406. Unless expressly admitted, denied.

3.    Paragraph 3 of the Complaint sets forth the nature of the City's action and requested relief to which no response is required. Nevertheless, Triple D admits the City seeks

cancellation of U.S. Trademark Nos. 4,586,688 and 6,330,048. Unless expressly admitted, denied.

4.  Paragraph 4 of the Complaint sets forth the nature of the City's action and requested relief to which no response is required. Nevertheless, Triple D admits that the City seeks cancellation of U.S. Trademark Registration Nos. 4,586,688 and 6,330,048. Unless expressly admitted, denied.

## THE PARTIES

5.  Triple D admits this Court has original jurisdiction over the City's request the Court review a decision of the Trademark Trial and Appeal Board of the United States Patent and Trademark Office pursuant to 15 U.S.C. § 1071(b). Triple denies the remaining allegations contained in Paragraph 5.

6.  Triple D admits the allegations contained in Paragraph 6.

## JURISDICTION AND VENUE

7.  Triple D admits the allegations contained in Paragraph 7.

8.  Triple D admits the allegations contained in Paragraph 8.

9.  Triple D admits the allegations contained in Paragraph 9.

## FACTS COMMON TO ALL COUNTS

### The City and its Mark

10. Triple D is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10, and on that basis denies them.

11. Triple D is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11, and on that basis denies them.

12. Triple D is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12, and on that basis denies them.

13. The record under Cause No. DC-13-01632 in the 101st Judicial District Court of Dallas County, Texas speaks for itself.

14. The record under Cause No. DC-13-01632 in the 101st Judicial District Court of Dallas County, Texas speaks for itself. Triple D denies the remaining allegations in Paragraph 14.

**The Triple D Gear Logos:** *"Basically, we just took the City of Dallas Logo."*

15.     Triple D admits Ahmed Youssef ("Youssef") and Artur Sanchez ("Sanchez") began doing business as co-owners of Triple D Gear in or around 2007.

16.     Triple D denies the allegations contained in Paragraph 16.

17.     Triple D denies the allegations contained in Paragraph 17.

18.     Triple D denies the allegations contained in Paragraph 18.

19.     Triple D denies the allegations contained in Paragraph 19.

20.     Triple D denies the allegations contained in Paragraph 20.

21.     Triple D admits the allegations contained in Paragraph 21.

22.     Triple D admits the allegations contained in Paragraph 22.

23.     Triple D denies the allegations contained in Paragraph 23.

24.     Triple D is without sufficient knowledge or information to admit or deny any allegations contained in Paragraph 24, and on that basis denies them.

25.     The Declaration of Alfredo Arturo Sanchez, attached as Exhibit 3 to the Original Complaint, speaks for itself. Unless expressly admitted, denied.

26.     The Affidavit of Ahmed Youssef, attached as Exhibit 4 to the Original Complaint, speaks for itself. Unless expressly admitted, denied.

27.     Triple D is without sufficient knowledge or information to admit or deny any allegations arising from unspecified deposition testimony, and on that basis denies them. Triple D denies the remaining allegations in Paragraph 27.

28.     Triple D admits that the screen shot shown in Paragraph 28 is of a prior webpage on Triple D's website that no longer exists due to the inaccuracies contained in the statement quoted in Paragraph 28. Triple D denies the remaining allegations in Paragraph 28.

29.     Triple D is without sufficient knowledge or information to admit or deny the allegation contained in Paragraph 29, and on that basis denies them.

**The Challenged Registrations**

*Registration No. 4,586,688 for the Tilted Star Logo*

30. Triple D admits the allegations contained in Paragraph 30.

31. Triple D is also without sufficient knowledge or information to admit or deny allegations pertaining to the unspecified testimony of Sanchez, and on that basis denies them. Triple D denies the remaining allegations contained in Paragraph 31.

32. The first sentence in Paragraph 32 contains a legal conclusion to which no response is required. The USPTO record for U.S. Trademark Registration No. 4,586,688 speaks for itself. Triple D denies all remaining allegations contained in Paragraph 32.

33. Triple D denies the allegations contained in Paragraph 33.

34. Triple D is also without sufficient knowledge or information to admit or deny allegations pertaining to the unspecified testimony of Sanchez, and on that basis denies them. Triple D denies all remaining allegations contained in Paragraph 34.

35. Triple D denies the allegations contained in Paragraph 35.

36. The USPTO record for U.S. Trademark Registration No. 4,586,688 speaks for itself.

37. Triple D admits that the Cancellation Proceeding against Freddie Jackson dba Triple D Clothing was filed on July 9, 2012. The USPTO record for Trademark Trial & Appeal Board Cancellation No. 92055839 speaks for itself.

38. The record under Cause No. DC-13-01632 before the 101st Judicial District Court of Dallas County, Texas speaks for itself.

39. The record under Cause No. DC-13-01632 before the 101st Judicial District Court of Dallas County, Texas speaks for itself.

40. The USPTO record for Trademark Trial & Appeal Board Cancellation No. 92055839 speaks for itself.

41. Triple D admits the allegations contained in Paragraph 41.

42. Triple D admits the allegations contained in Paragraph 42.

43. The USPTO record for U.S. Trademark Registration No. 4,586,688 speaks for itself. Triple D denies all remaining allegations contained in Paragraph 43.

44. Triple D denies the allegations contained in Paragraph 44.

45. Triple D denies the allegations contained in Paragraph 45.

46. Triple D denies the allegations contained in Paragraph 46.

47. Triple D denies the allegations contained in Paragraph 47.

48. Triple D denies the allegations contained in Paragraph 48.

49. Triple D denies the allegations contained in Paragraph 49.

50. Triple D is without sufficient knowledge or information to admit or deny allegations pertaining to any harm suffered by the City, and on that basis denies them.

*Registration No. 6,141,994 for the Ghost Logo*

51. Triple D admits the allegations contained in Paragraph 51.

52. The USPTO record for U.S. Trademark Registration No. 6,141,994 speaks for itself. Triple D is without sufficient knowledge or information to admit or deny allegations regarding statements made in unspecified deposition testimony and declarations, and on that basis denies them. Triple D denies all remaining allegations contained in Paragraph 52.

53. The USPTO record for U.S. Trademark Registration No. 6,141,994 speaks for itself. Triple D is without sufficient knowledge or information to admit or deny allegations regarding statements made in unspecified deposition testimony, and on that basis denies them. Triple D denies all remaining allegations contained in Paragraph 53.

54. The USPTO record for U.S. Trademark Registration No. 6,141,994 speaks for itself. Triple D denies all remaining allegations contained in Paragraph 54.

55. Triple D admits the allegations contained in Paragraph 55.

56. Triple D denies the allegations contained in Paragraph 56.

57. Triple D denies the allegations contained in Paragraph 57.

58. Triple D denies the allegations contained in Paragraph 58.

59. Triple D denies the allegations contained in Paragraph 59.

60. Triple D is without sufficient knowledge or information to admit or deny allegations pertaining to any harm suffered by the City, and on that basis denies them.

*Registration No. 6,330,048 for the Tilted Star Logo*

61. Triple D admits the allegations contained in Paragraph 61.

62. The USPTO record for U.S. Trademark Registration No. 6,330,048 speaks for itself. Triple D denies all remaining allegations contained in Paragraph 62.

63. The USPTO record for U.S. Trademark Registration No. 6,330,048 speaks for itself. Triple D denies all remaining allegations contained in Paragraph 63.

64. The USPTO record for U.S. Trademark Registration No. 6,330,048 speaks for itself. Triple D admits that it had a bona fide intention to use the mark in commerce on or in connection with the goods/services identified in the application under International Class 035. Unless expressly admitted, denied.

65. The USPTO record for U.S. Trademark Registration No. 6,330,048 speaks for itself. Triple D denies all remaining allegations in Paragraph 65.

66. Triple D admits the allegations contained in Paragraph 66.

67. Triple D denies the allegations contained in Paragraph 67.

68. The USPTO record for U.S. Trademark Registration No. 6,330,048 speaks for itself. Triple D denies the allegations contained in Paragraph 68.

69. Triple D denies the allegations contained in Paragraph 69.

70. Triple D is without sufficient knowledge or information to admit or deny allegations pertaining to any harm suffered by the City, and on that basis denies them.

## TTAB Proceedings

71. Triple D is without sufficient knowledge or information to admit or deny allegations pertaining to when the City learned about certain registrations, and on that basis denies them. Triple D admits receiving a cease-and desist letter from the City. Triple D admits the City filed a TTAB Petition to Cancel the '994 Registration for the Ghost Logo on June 18, 2021. Unless expressly admitted, denied.

72. Triple D admits that it filed its answer on August 26, 2021 in Cancellation No. 92077406, and that the City agreed to suspend the cancellation proceeding for thirty days. Triple

D denies the remaining allegations contained in Paragraph 72.

73. Triple D admits the allegations contained in Paragraph 73.

74. Triple D admits the allegations contained in Paragraph 74.

75. Paragraph 75 contains legal conclusions to which no response is required. Triple D denies the remaining allegations contained in Paragraph 75.

76. Triple D denies the allegations contained in Paragraph 76.

77. Triple D is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 77, and on that basis denies them.

78. Triple D is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 78, and on that basis denies them.

79. Triple D is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 79, and on that basis denies them.

80. Triple D is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 80, and on that basis denies them.

81. Triple D is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 81, and on that basis denies them.

82. Triple D is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 82, and on that basis denies them.

## CLAIMS FOR RELIEF

### Request for Judicial Review of the TTAB Decision
### (15 U.S.C. § 1071(b)(1) and 37 CFR § 2.145(c))

83. Triple D incorporates by reference its responses in the above paragraphs as if fully set forth herein.

84. Triple D denies the allegations contained in Paragraph 84.

85. Triple D denies the allegations contained in Paragraph 85.

### Request for Cancellation of Trademark Registrations to Rectify the Register
### (15 U.S.C. § 1119)

86. Triple D incorporates by reference its responses in the above paragraphs as if fully set forth herein.

87. Triple D denies the allegations contained in Paragraph 87.

88. Triple D denies the allegations contained in Paragraph 88.

89. Triple D denies the allegations contained in Paragraph 89.

**Request for Cancellation of Fraudulently Obtained Trademark Registration**
**(15 U.S.C. § 1120)**

90. Subject to and without waiving Triple D's Rule 12(b)(6) Motion for Partial Dismiss and Brief in Support [Dkt. #11], Triple D incorporates by reference its responses in the above paragraphs as if fully set forth herein.

91. Subject to and without waiving Triple D's Rule 12(b)(6) Motion for Partial Dismissal and Brief in Support [Dkt. #11], Triple D denies the allegations contained in Paragraph 91.

92. Subject to and without waiving Triple D's Rule 12(b)(6) Motion for Partial Dismissal and Brief in Support [Dkt. #11], Triple D denies the allegations contained in Paragraph 92.

93. Subject to and without waiting Triple D's Rule 12(b)(6) Motion for Partial Dismissal and Brief in Support [Dkt #11], Triple D denies the allegations contained in Paragraph 93.

## PRAYER FOR RELIEF

Triple D denies that the City is entitled to any relief, including the relief requested in its Prayer for Relief. Triple D respectfully requests the Court affirm the Trademark Trial and Appeal Board's decision denying the cancellation for the Ghost Logo, Registration No. 6,141,994, deny the cancellations of the Tilted Star Logos, Registration Nos. 4,586,688 and 6,330,048, and award Triple D all other relief the Court deems appropriate.

## AFFIRMATIVE DEFENSES

Triple D asserts the following affirmative and other defenses in response to the allegations in the Complaint.

1. The City's claims are barred, in whole or in part, for failure to state a claim upon which

relief can be granted.

2. The City's claims are barred, in whole or in part, because the City has suffered no harm or damages.

3. The City's claims are barred, in whole or in part, because it has unclean hands.

4. The City's claims are barred, in whole or in part, due to issue and/or claim preclusion, and prior judgment.

December 29, 2023                                  Respectfully submitted,

**Griffith Barbee PLLC**

/s/ *Casey Griffith*
_____

Casey Griffith
Texas Bar No. 24036687
Casey.Griffith@griffithbarbee.com

Michael Barbee
Texas Bar No. 24082656
Michael.Barbee@griffithbarbee.com

Ashley Norton
Texas Bar No. 24105886
Ashley.Norton@griffithbarbee.com

One Arts Plaza
1722 Routh St., Ste. 910
Dallas, Texas 75201
(214) 446-6020 | main
(214) 446-6021 | fax

**Counsel for Defendant**

## CERTIFICATE OF SERVICE

The undersigned certifies this document was filed electronically in compliance with Local Rule 5.1. As such, it was served on all counsel of record on December 29, 2023.

/s/ *Casey Griffith*
Casey Griffith