UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - DALLAS DIVISION

| | | |
|---|---|---|
| **CITY OF DALLAS,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 3:23-cv-02367-K |
| | § | |
| **TRIPLE D GEAR, LLC,** | § | |
| *Defendant.* | § | |

## DEFENDANT TRIPLE D GEAR'S REPLY IN SUPPORT OF MOTION TO AMEND SCHEDULING ORDER

Defendant Triple D Gear, LLC, herein replies ("Reply") to Plaintiff City of Dallas' Response in Opposition to Defendant's Motion to Amend Scheduling Order and Brief in Support ("Response") and in support of Defendant's Motion to Amend Scheduling Order ("Motion").

**1. Defendant has only recently discovered the facts for its new counterclaim.**

Plaintiff asserts that Defendant should have known of the retail store because: a) the store was revealed in the previous TTAB proceeding; and b) Plaintiff's initial disclosures in this suit included a picture of the store. Neither of these asserted events should be considered germane to the Motion.

*a. The TTAB cancelation proceeding did not give notice of infringement.*

Plaintiff asserts that the following response to an interrogatory from a previous TTAB proceeding should have given notice of infringement to Triple D Gear (ECF Doc. 31, p. 4):

> **INTERROGATORY NO. 14:**
>
> State where, how or when a consumer in the general public may purchase or will be able to purchase "clothing, namely, shirts, sweaters, pants, shorts, socks, pajamas, scarves and gloves; headwear, namely, hats, caps and visors" bearing the City Logo.
>
> **ANSWER:**
>
> Petitioner objects to this Interrogatory as overbroad and not proportional to the needs of the case in failing to limit the request to a specific time frame as required. Petitioner further objects to this Interrogatory to the extent that it implies that a cash sale is required to establish use in commerce of a trademark, as "commerce" is defined in the Lanham Act.
>
> Subject to and without waiving the foregoing objections, Petitioner answers: a member of the general public has been able purchase apparel items bearing the City Logo at 1500 Marilla Street, Dallas, Texas 75202 and at 3131 Irving Boulevard, Suite 600, Dallas, Texas 75247; however, the City Store remains temporarily closed due to ongoing public health concerns regarding the COVID-19 pandemic.

The interrogatory in question was part of the TTAB proceeding, *City of Dallas v. Triple D Gear, LLC*, Cancellation Proceeding No. 92077406 (2021). As the Court is no doubt aware, infringement allegations are not permissible to address as part of TTAB proceedings. The Richard Law Group was handling that matter, rather than the undersigned. While one might rationally enjoy a hope that new counsel on a different-but-related matter would both have access to all previous discovery and also absorb that discovery such that all implications thereof are immediately understood, such recognition is not rational to expect at a level that a court should deny a motion to amend based on those somewhat oblique disclosures.

Additionally, the answer to the interrogatory above is hardly a notice of infringement. According to the interrogatory, what was disclosed is that "a member of the general public has been able to purchase apparel items bearing the City Logo…" at Dallas City Hall and the Dallas City Store. Such a statement does not inexorably indicate that the City Logo is being used as a source indicator for the sale of apparel in a way that is infringing. Merely bearing a logo is not the same as using the logo in a way that creates a likelihood of confusion or even a source indicator.[1] As the interrogatory is targeting information in support of the City of Dallas's cancellation contentions, and as the response to that interrogatory is information used to support Dallas's claim to use of its logo on apparel in a vague way that appears designed to hide the fact that the use is not traditional trademark use of the logo, Defendant should not be tied to recognizing a likelihood of confusion in an infringement counterclaim that was not available to it while the parties were before the TTAB.

---

[1] The USPTO routinely rejects specimen submitted for trademark registration when a mark is used merely ornamentally. "Subject matter that is merely a decorative feature does not identify and distinguish the applicant's goods and, thus, does not function as a trademark." TMEP 1203.

      b. *Plaintiff's 848 pages of disclosure does not give notice of infringement.*

Plaintiff states that "On February 2, 2024, I personally served the City's Initial Disclosures and produced documents bearing the bates-labels CITY 000001-000848 to counsel of record (on that date) for Defendant" (Doc. 31, pg. 3). It additionally argues its Motion with "A true and correct copy of the document bearing the bates-label CITY 00059 that I produced to Defendant's then-counsel on February 2, 2024, is attached to the Declaration as Exhibit A." (Doc. 31, pg. 4.)

Plaintiff here is arguing that Defendant had sufficient notice of an infringement claim based on one page in 848 pages that shows the front of the City of Dallas Store, as though a single unannotated photo bereft of any visible use of any party's alleged mark is supposed to have given obvious notice to Defendant that inside the store, Plaintiff is using marks that are likely to be confused with Defendant's marks.

A screenprint from the City of Dallas website describing its City Store is attached as an exhibit. A description of the City Store's operations reads:

> "The City Store sells police confiscated property, found or lost property and City surplus property to the public. The City surplus property is sorted as it is received and placed on the City's intranet for departmental notification. If the property is not transferred in a reasonable time, it is placed in the City Store for sale.
>
> Sample list of items: mountain bikes, electronics, clothing, cameras, hand tools, TVs, VCRs, radios, cell phones, etc."[2]

As the Court can see, the vaunted notice requires Defendant to read into unnamed exhibits with a near arcane level of discernment as to what might be in the store, which is only open a few hours a week, in order to recognize the possibility of infringement.

Defendant should not be punished for failing to divine the facts to support an infringement counterclaim until recently. Defendant and its counsel only recently became aware of the facts that

---

[2] https://dallascityhall.com/departments/procurement/Pages/city_store.aspx (accessed July 23, 2024).

would form the basis of the potential counterclaim and requiring amendment of the pleadings. Plaintiff blatantly asserts that Defendant discovered this information earlier because Plaintiff "disclosed" the information to its previous attorneys. Plaintiff offers no legal support for its assertion that Defendant should be assumed to have digested these oblique tidbits of disclosure and recognized the infringement claim. Plaintiff cannot deliver Defendant a haystack and then automatically claim that Defendant has actual knowledge of the needle at the time of delivery.[3]

2. **Defendant satisfies Rule 16 and has good cause to grant the Motion.**

Defendant agrees with Plaintiff's recitation of the Rule 16 standard that the "schedule may be modified only for good cause and with the judge's consent." Rule 16(b)(4). Additionally, Defendant agrees with Plaintiff's recitation of the four-factor test.[4] Defendant meets this standard in its Motion and this Reply and requests that this court "allow additional time in which the parties may amend their pleadings." Motion at 1.

Defendant made and filed its Motion on Thursday, June 27, 2024, with the deadline to amend only three days later, Monday, July 1, 2024. Defendant stated that Defendant became actively aware of new information that would form the basis of new counterclaims against Plaintiff requiring amendment under Rule 16. Defendant requested additional time to verify the new information and amend its pleadings in light of the deadline a few days later.

---

[3] As an additional note, from the filing of the original complaint in November 2023 until May 21, 2024, Defendant was represented by different counsel than the undersigned.

[4] "In determining whether the movant has met its burden under Rule 16(b)(4), courts consider four factors: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (alterations adopted) (citation omitted)". Response at 3. However, in that case, the court denied the movant's motion because the movant did not address Rule 16 in their motion *or their reply*; Defendant herein addresses in its Reply.

      *a. Defendant could not amend its pleadings within the deadline without potentially asserting a meritless counterclaim.*

Defendant only recently discovered facts that could potentially give rise to a counterclaim against Plaintiff. Defendant sought to extend the deadline to amend pleadings to allow time for the newly discovered facts to be discussed at mediation and to confirm its counterclaim and avoid a meritless counterclaim otherwise. Defendant was able to file its Motion three days before the deadline. From Defendant's point of view, filing an amended answer with counterclaims at that point would potentially be meritless as Defendant was still discovering new facts subject to its potential counterclaims.[5] It would not be prudent or respectful of judicial resources to counterclaim against Plaintiff without more than Defendant's suspicions, hence the request to amend the scheduling order.[6]

Defendant did not delay in making its Motion. Defendant has not sent written discovery because the deadline is still months away and Defendant has not had the explicit need to prove any claim at the outset. Defendant has been diligently answering Plaintiff's discovery and its other demands and has not missed any discovery deadline.[7] Further, Defendant was hoping to wait until after mediation to afford Plaintiff an opportunity for an in-person explanation of Defendant's newly discovered facts regarding Plaintiff's store before adding litigation costs and using more judicial resources in a potentially frivolous counterclaim. Defendant is not asking for months to add its claim, but for a reasonable period of time after mediation to have the opportunity to assert its claim.

---

[6] As already noted, the City Store is not open but a few hours a week, and Defendant has been unable to match that schedule to confirm that the City is using any mark in a way that supports the potential infringement claim.

[7] Further, there was no indication of Plaintiff's "commercial use" of the mark that necessitated discovery for a counterclaim during that time – however, it is now apparent that Plaintiff intends to use this "store" as its basis for "commercial use" of the mark. Defendant still believes it necessary to discuss the details at mediation before asserting a counterclaim.

### b. Defendant's modification is important.

Defendant's proposed modification is important because Defendant seeks to either add a legitimate counterclaim or prevent a frivolous one. Without the additional time to thoroughly investigate and confirm the newly discovered facts, Defendant risks filing unsubstantiated claims, which would harm Defendant's case, waste judicial resources, and prejudice Plaintiff. The parties have agreed to mediate, this modification allows for the possibility of a global resolution to this dispute, including the possible counterclaim, at mediation. Sending Plaintiff written discovery requests now, or submitting a corporate representative to deposition before mediation, would not only harm the potential success of the cooperation between the parties during mediation, but could also potentially be redundant and wasteful.[8]

While Plaintiff has confirmed Defendant's suspicions regarding the alleged "store" in their Response, Defendant still seeks modification to allow the amendment deadline to fall after mediation so the parties can adequately discuss the "store" in hopes of resolution in mediation. Additionally, allowing the deadline to be after mediation fairly gives Defendant an opportunity to assert its counterclaims arising from the newly discovered information. This modification is important for judicial efficiency and to allow the parties the best chance to cooperate regarding their case while also allowing Defendant an opportunity to assert its potential new counterclaim.

### c. Judicial efficiency supports amendment; Defendant will be prejudiced without the schedule modification and Plaintiff will not be prejudiced.

Without a modification, Defendant will be prejudiced in not being able to fully assert its newly discovered counterclaim in this case. Denying the modification would result in prejudice to Defendant from presenting a valid counterclaim that only came to light recently through diligent

---

[8] Again, even if Defendant sent out written discovery requests, mediation would arrive first before Plaintiff's answers. Further, a corporate representative will be present at mediation.

examination. Defendant should have a fair chance in discovering whether this counterclaim is potentially frivolous through the parties' agreed mediation that is already scheduled. Plaintiff will not be prejudiced as any costs for a corporate representative can be adequately collected in litigation as damages. Further, Plaintiff's corporate representative will be at mediation.

Though Defendant Triple D Gear could file an entirely separate infringement action, that approach seems needless and inefficient in light of the existing case which is before the Court.

    d. *A continuance is available to cure any potential prejudice to Plaintiff.*

While the Court has a strong stance on not granting a continuance, the Court clearly states that it is available with exigent circumstances. In this case, Defendant has found new facts that can potentially lead to a serious and legitimate counterclaim, but Defendant did not have enough information to plausibly assert any counterclaim against Plaintiff until the Response.[9] Due to the substituted counsel and the newly discovered facts, a continuance would be appropriate to cure any potential prejudice to Plaintiff for Defendant's potential future counterclaim. However, Defendant still seeks modification of the scheduling order as to allow the parties to potentially resolve the matter in mediation or confirm Defendant's need to assert the counterclaim.

**3. This Court should grant the Motion.**

Defendant has not made this Motion to delay the proceedings, but to honestly and in good faith, and with good cause, modify the order as to allow potential resolution of Defendant's potential future counterclaim. The Court will not prejudice Plaintiff in granting the Motion and will save Defendant from prejudice in being able to fairly assert a potentially plausible claim in this case.

---

[9] Additionally, the undersigned counsel was brought into this case in May 2024. Defendant should not be prejudiced due to the inaction of the previous counsel in developing discoverable information.

## PRAYER

WHEREFORE, Defendant Triple D Gear, LLC respectfully requests that the Court enter the proposed Order, amending the deadline for amended pleadings in its original scheduling order.

Respectfully submitted,

/s/Warren V. Norred
Warren V. Norred, State Bar No. 24045094
Norred Law, PLLC; 515 E. Border Street; Arlington, Texas 76010
warren@norredlaw.com
P: 817-704-3984, F: 817-524-6686

**CERTIFICATE OF SERVICE:** I hereby certify that on July 24, 2024, a true and correct copy of the foregoing was served on Plaintiff's counsel of record Megan M. O'Laughlin at molaughlin@hitchcockevert.com and Anne M. Turner at aturner@hitchcockevert.com via the Court's CM/ECF system.

/s/ *Warren V. Norred*
Warren V. Norred

**DECLARATION:** I declare under penalty of perjury that the above statements in this Reply, particularly pages 2-4 are true and correct.

Executed on July 23, 2024.

/s/ *Warren V. Norred*
Warren V. Norred