UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - DALLAS DIVISION

| | | |
|---|---|---|
| **CITY OF DALLAS,** | § | |
| *Plaintiff,* | § § § | |
| v. | § § | Case No. 3:23-cv-02367-K |
| **TRIPLE D GEAR, LLC,** | § § | |
| *Defendant.* | § § | |

### DEFENDANT'S COUNTERCLAIMS

Defendant TRIPLE D Gear, LLC, herein files counterclaims against Plaintiff, the City of Dallas and shows the Court as follows:

**Summarizing,** Defendant files these counterclaims based on new and existing information concerning trademark infringement by Plaintiff and credible counterclaims arising therefrom. Specifically, Plaintiff alleges Infringement of a Registered Trademark Under 15 U.S.C. § 1114.

### FACTS



"Ghost Logo"  "City Logo"

1.  TRIPLE D is the holder of the federally registered rights in the TRIPLE D "Ghost Logo" (the "Ghost Logo"), which it uses for apparel and headwear of the athletic and streetwear genres, sold in retail channels to consumers who seek that style of clothing and are acquainted with and appreciate urban hip-hop culture. Defendant's ownership thereof has been affirmed by a decision of the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office ("TTAB").

2.     The City of Dallas has used the "oak leaf" City Logo for sanitation services for many years, but has only recently began using the City Logo for apparel sales and licensed new versions of its logo which cause confusion between Defendant's marks and the product offerings of the City.

3.     TRIPLE D advertises and promotes its goods bearing the Ghost Logo via its website, its Instagram account, its Facebook page and its Twitter account; it also uses Mailchimp and Google Merchant Services and it has been promoted via mention on the following media outlets: Central Track, WFAA, PPV, ESPN, HBO, BET, and the Grammys, as well as on the websites associated with these media outlets.

4.     Retail prices for Ghost Logo items have changed over time but currently range from $55-$175 per item. Defendant estimates sales of approximately 7,500 products bearing the Ghost Logo.

5.     The City of Dallas ("Plaintiff") has used its D and Leaf Logo, the "Big D symbol", a blue capital letter D with a green stylized tree inside it,  (the "City Logo") in connection with its provision of municipal services to the residents of Dallas, Texas, on, *inter alia,* wayfinding signage, street signs, municipal buildings, motor vehicles, employee uniforms, utility bills, social media accounts, marketing and informational materials, and other customary ways in which a municipal government interacts with its constituents. Plaintiff has only used its City Logo with the distinctive tree/leaf center, has not shown any use of the City Logo without the distinctive center design element.

6.     These facts notwithstanding, TRIPLE D has recently become aware that in spite of a TTAB ruling awarding the Ghost Logo to Plaintiff, the City of Dallas has employed derivatives of the Ghost Logo on t-shirts and other apparel, goods that are similar or related to Plaintiff's goods, in contempt of the TTAB's ruling in favor of Plaintiff and contrary to law as outlined supra. For example, TRIPLE D has learned that the City is using a derivative of the Ghost Logo in other

environments, such as shown here, where the derivative is used for City of Dallas Water Department workers without TRIPLE D'S consent:



7. Consumers are capable of discerning between the City Logo and the Ghost Logo as to the sources of the dissimilar goods and services offered under each of them. The actual confusion Defendant has experienced was *not* between the City Logo and the Ghost Logo, but any resulting confusion was caused by Plaintiff's wrongful appropriation of Defendant's Ghost Logo.

8. Plaintiff does not and has not referred to itself as "TRIPLE D" and has not shown any evidence that it has or does. Plaintiff has only shown that it has used its City Logo (with the tree/leaf center) in connection with the provision of municipal services to constituents of Dallas, Texas. The City Logo is referred to as the "Big D" symbol, and "Big D" is a commonly known nickname for "Dallas, Texas."

9. The TTAB denied Plaintiff's previous effort to cancel Defendant's Ghost Logo registration under Section 2(d) of the Trademark Act, 15 U.S.C. Sec. 1052(d), suggesting that the City knows of its infringement and has decided to deliberately and willingly infringe.

10. Plaintiff's initial disclosures have revealed that it has entered into a Logo use Agreement to license Defendant's Ghost Logo to Southern Methodist University ("SMU") and allowed incorporation of SMU's Mustang into the Ghost Logo, absent Plaintiff's Consent. See Exhibit 1 to these Counterclaims (City's Production, CITY 00080-00118) as of January 8, 2020.

11. Without TRIPLE D's consent or authorization, and beginning after TRIPLE D acquired protectable, exclusive rights in its TRIPLE D Marks as used on apparel, SMU adopted and began using the TRIPLE D Marks in connection with its advertisement, promotion, and sale of apparel via its licensing agreement with the City of Dallas.

12. SMU, Plaintiff's licensee, actively sells infringing apparel with TRIPLE D marks:




13. The products on which the City's Licensee uses TRIPLE D's Marks are directly competitive with products promoted and sold by TRIPLE D including, b ut not limited to, apparel.



From SMU's website, at https://smuteamstore.com/collections/triple-d,

14. Both TRIPLE D and City's Licensee promote and sell their respective products through common trade channels such as stores and websites.

15. SMU's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of SMU's goods and services and are likely to deceive the relevant consuming public into mistakenly believing that SMU's goods and services originate from, are associated with, and/or are otherwise authorized by TRIPLE D or connected in some way to TRIPLE D.

*SMU's Twitter Feed*  *TRIPLE D Gear's Instagram Direct Message Page*




**COUNTER CLAIM:**
**INFRINGMENT OF A REGISTERED TRADEMARK UNDER 15 U.S.C. § 1114**

16. The purposes of trademark law are to secure to the owner of the mark the goodwill of its business and to protect the ability of consumers to distinguish among competing producers. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 774 (1992)*; Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 198 (1985) ("The Lanham Act provides national protection of trademarks in order to secure to the owner of the mark the goodwill of his business and to protect the ability of consumers to distinguish among competing producers.").

17. Ownership of a trademark is established by use of the trademark and does not need to be registered to obtain protection. *Union Nat'l Bank of Tex., Laredo, Tex. v. Union Nat'l Bank of Tex., Austin, Tex.*, 909 F.2d 839, 842 (5th Cir. 1990).

18. A trademark is any word, name, symbol, device or any combination of these things, used by a person or corporation to identify and distinguish that person's goods from those manufactured or sold by others and to indicate the source of the goods even if that source is unknown to the consumer. 15 U.S.C. § 1127; *Bd. Of Supervisors for La. State Univ. Agric. & Mech. Coll. V. Smack Apparel Co.*, 550 F.3d 465, 475 (5th Cir. 2008).

19. If through use, the word or design comes to symbolize a person's or corporation's product or service in the public mind, that person or corporation acquires a property right in the mark. *Bos. Prof'l Hockey Ass'n v. Dall. Cap & Emblem Mfg., Inc.*, 510 F.2d 1004, 1014 (5th Cir. 1975).

20. A federal trademark registration is [rebuttable] evidence of the registrant's exclusive right to use the mark in commerce in connection with the goods or services specified in the registration. *Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 194 (5th Cir. 1998) (citing 15 U.S.C. § 1115(a)).

21. The standard in a trademark infringement claim is "likelihood of confusion." 15 U.S.C. § 1114(1); *Rex Real Est. I, L.P. v. Rex Real Est. Exch., Inc.*, 80 F.4th 607 (5th Cir. 2023). To prevail on a claim of trademark infringement or unfair competition against Defendant, Plaintiff must prove by a preponderance of evidence that Defendant's use of its logo in connection with selling product creates a likelihood of consumer confusion as to source, affiliation, or sponsorship. *Id.* Merely reproducing a trademark is not trademark infringement if there is no likelihood of confusion. A "likelihood of confusion" means that confusion is not just possible, but probable. *Nat'l Bus. Forms & Printing, Inc. v. Ford Motor Co.*, 671 F.3d 526, 532 (5th Cir. 2012).

22. The analysis with respect to plaintiff's federal and common law claims under the federal law may often be dispositive of its corresponding claims under Texas law as well, as the same legal standard applies to federal infringement claims under the Lanham Act and Texas state claims, whether statutory, common law, or even unfair competition. *Luxottica Grp. S.P.A. v. Atl. Sunglasses LLC*, No. 15-CV-1795, 2017 U.S. Dist. LEXIS 217991, at *19 (S.D. Tex. Mar. 24, 2017).

23. To prevail on a trademark infringement claim, a plaintiff must establish: (1) ownership in a legally protectable mark; and (2) infringement by demonstrating a likelihood of confusion. Ownership of a mark is established by actual use in the market. *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008). Ownership of a mark is established by actual use in the market. *Id.*

24. Plaintiff's unauthorized licensing and use in commerce of the TRIPLE D Marks as alleged herein is likely to cause confusion, to cause mistake, or to deceive consumers with regard to TRIPLE D's Marks. Plaintiff's conduct therefore constitutes infringement of TRIPLE D's Marks in violation of 15 U.S.C. § 1114.

25. Specifically, these actions constitute infringement of the various registrations of the TRIPLE D Marks listed supra.

26. As a direct and proximate result of the acts described above, TRIPLE D has been damaged, and Plaintiff has been unjustly enriched, in an amount to be determined at the time of trial.

27. Unless enjoined by this Court, Plaintiff's unlawful acts will continue to cause irreparable damage, loss, and injury to TRIPLE D for which it has no adequate remedy at law.

28. Pursuant to 15 U.S.C. §§ 1116-1117, TRIPLE D is entitled to actual damages in an amount to be determined at trial, to have such damages trebled, to Plaintiff's profits, to corrective advertising damages, to the costs of this Action, and to its attorneys' fees.

## PRAYER

Wherefore, TRIPLE D respectfully requests that this Court against the City of Dallas as follows:

a.  Find that City of Dallas has infringed TRIPLE D's trademark rights in violation of the Lanham Act, 15 U.S.C. § 1114;

b.  Awarding TRIPLE D, under 15 U.S.C. § 1117, (i) all profits received by City of Dallas from sales and revenues of any kind made as a result of City of Dallas's infringement of TRIPLE D's trademark rights, (ii) all damages sustained by TRIPLE D as a result of City of Dallas's infringement of TRIPLE D's trademark rights, trebled, (iii) the amount necessary for TRIPLE D to conduct corrective advertising to ameliorate the consumer confusion concerning the relationship between TRIPLE D and City of Dallas and (iv) TRIPLE D's costs incurred in this Action;

c.  For an award of pre-judgment interest, post-judgment interest, and costs in this action; and

d.  For an award of such other relief to TRIPLE D as this Court deems just and proper.

For an award of such other relief to TRIPLE D as this Court deems just and proper.

Respectfully submitted,

/s/*Warren V. Norred*
Warren V. Norred
State Bar No. 24045094
Norred Law, PLLC
515 E. Border Street
Arlington, Texas 76010
warren@norredlaw.com
P: 817-704-3984, F: 817-524-6686

**CERTIFICATE OF CONFERENCE:** I hereby certify that on August 16, 2024 I have conferred with counsel for Plaintiff Megan M. O'Laughlin at molaughlin@hitchcockevert.com and Anne M. Turner at aturner@hitchcockevert.com regarding the foregoing motion and the relief sought therein. Plaintiff's counsel indicated by return email on August 16th that her client is opposed.                                /s/ *Warren V. Norred*

**CERTIFICATE OF SERVICE:** I hereby certify that on August 16, 2024, a true and correct copy of the foregoing was served on Plaintiff's counsel of record Megan M. O'Laughlin at molaughlin@hitchcockevert.com and Anne M. Turner at aturner@hitchcockevert.com via the Court's CM/ECF system.                /s/ *Warren V. Norred*