UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - DALLAS DIVISION

| | |
|---|---|
| **CITY OF DALLAS,** § | |
| *Plaintiff,* § | |
| § | |
| v. § | Case No. 3:23-cv-02367-K |
| § | |
| **TRIPLE D GEAR, LLC,** § | |
| *Defendant.* § | |

**DEFENDANT TRIPLE D GEAR, LLC'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANT CITY OF DALLAS'S MOTION TO STRIKE**

TO THE HONORABLE JUDGE KINKEADE:

Defendant Triple D Gear, LLC files this responsive brief opposing Plaintiff City of Dallas's Motion to Strike, as follows:

### I.   INTRODUCTION

1. On August 16, 2024, Triple D filed a motion to file additional counterclaims against the City of Dallas for infringement of a registered trademark. The City filed a response in opposition to the motion, and Triple D followed the City's response with a reply that included the Declaration of Alfredo Arturo Sanchez ("Declaration").

2. In reaction, the City filed a Motion to Strike the Declaration, arguing:

   a. The Local Rules prevent a party from filing new evidence with a reply brief without prior leave of court;

   b. Local Rule 7.1 requires that attached material be included in an appendix; and

   c. The Declaration is inadmissible evidence under the Federal Rules of Evidence.

3. Triple D Gear herein shows that none of these arguments should sway the Court, and the motion to strike should be denied.

## II.     ARGUMENT

4. This Court should deny the City's Motion to Strike because Triple D properly attached Mr. Sanchez's Declaration to its Reply. Additionally, Mr. Sanchez's declaration is admissible, and this Court should consider it.

### A.  The Local Rules do not prevent Triple D from filing the Declaration.

5. The City's first major contention is that no party may file new evidence to support a reply under the Northern District's Local Rule. However, the Local Rules concerning motion practice make no such statement. L.R. 7.1–7.2. In fact, the Local Rules seem to indicate that a party may "rel[y] on materials—including . . . declarations . . . to support or oppose a motion[.]" L.R. 7.1(i)(1). The Rule simply states that the supporting material must appear in an appendix. L.R. 7.1(i)(1). The appendix must be a self-contained document separate from the document it supports. L.R. 7.1(i)(1).

6. The City incorrectly cites *Bhi Energy I Power Servs. v. KVP Energy Servs.*, Civil Action No. 3:22-CV-1981-L, 2023 U.S. Dist. LEXIS 7433, at *6 (N.D. Tex. Jan. 17, 2023) for the proposition that this Court will not review new evidence that supports a reply. The correct statement of the principle is that the movant should have the opportunity to open and close the briefing. *Dondi Props. Corp. v. Commerce Sav. & Loan Asso.*, 121 F.R.D. 284, 291 (N.D. Tex. 1988). This Court then went on to say that despite the favor towards the movant to close the argument, a court will generally not consider new evidence in a reply brief where the new evidence would be an unfair ambush of the opposing party. *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239–40 (N.D. Tex. 1991); *see also*, *Bhi Energy I Power Servs. v. KVP Energy Servs.*, Civil Action No. 3:22-CV-1981-L, 2023 U.S. Dist. LEXIS 7433, at *9–10 (N.D. Tex. Jan. 17, 2023). Where a party seeks to submit new evidence, it should, as a matter of good practice, confer and seek agreement from the opposing party to submit the new evidence. *Springs*

*Indus., Inc.*, 137 F.R.D. at 240. However, even if there is no agreement to submit the evidence, a court may still review that evidence in its discretion under the unfair ambush standard. *Bhi Energy I Power Servs. v. KVP Energy Servs.*, Civil Action No. 3:22-CV-1981-L, 2023 U.S. Dist. LEXIS 7433, at *9–10 (N.D. Tex. Jan. 17, 2023).

7. It is true that the Declaration is new evidence, but it is not an unfair ambush to the City of Dallas. The contents of the Declaration reflect the contents of the proposed counterclaims. Additionally, since the merits of the proposed counterclaims were not originally at issue in the original Motion for Leave, there was no reason for Triple D to have filed the Declaration with that Motion for Leave. Now, because the City has contested the necessity of adding counterclaims and the merits of the counterclaims themselves, this is Triple D's first opportunity to submit any evidence concerning any of the substantive allegations in the counterclaims. Therefore, filing Mr. Sanchez's Declaration with the Triple D Gear's Reply does not constitute any kind of ambush on the City and certainly is not an unfair ambush. Therefore, the City's first grounds to strike the Declaration are invalid.

**B. The Declaration complies with the Court's Local Rules on filing an Appendix.**

8. The City argued in a conclusory fashion that the Declaration does not comply with L.R. 7.1, so this Court should strike it. However, the Declaration does comply with L.R. 7.1(i).

9. The Declaration of Arturo Sanchez complies with the Appendix rules of this Court because it meets all of the technical requirements. It was filed separately from the Reply in Support of Triple D's Motion for Leave. It contains clearly marked page numbers in the right-hand corner starting at "1" and numbered sequentially. It was filed in an 8½" × 11" format with 1" margins. The Declaration is clearly labeled separately from the Reply. Finally, it maintains a separate space in this Court's docket as ECF No. 46-1, separate from ECF No. 46, the Reply. Therefore, the City's second basis to strike Mr. Sanchez's Declaration is invalid.

**C. Mr. Sanchez's Declaration is admissible.**

10. Finally, the City argues that the Declaration contains hearsay statements of City employees and speculation statements and, therefore, is inadmissible. On the contrary, none of the statements from City of Dallas employees are hearsay, nor impermissible lay opinions.

11. In Numbered Paragraph 1, Mr. Sanchez states that he saw a photo of a skull-and-crossbones logo and that he was informed about the use of the logo. ECF No. 46-1 at 1. The statement that Mr. Sanchez saw the logo is an admissible statement of personal knowledge under Fed. R. Evid. 402 and 602. The statement that Mr. Darensburg told Mr. Sanchez about the City's use of the skull-and-crossbones logo is not hearsay because Mr. Sanchez is not offering the statement for the truth of the matter asserted, but rather to show how he had been put on notice to investigate whether the City was using the logo. Fed. R. Evid. 801(c). Therefore, Numbered Paragraph 1 is admissible.

12. In Numbered Paragraph 2, Mr. Sanchez only states that he saw the uniforms with the logo, took photos of the logo, and questioned an employee. ECF No. 46-1 at 1. All these statements are admissible statements of personal knowledge under Fed. R. Evid. 402 and 602. The statement that Mr. Sanchez questioned an employee is not hearsay because it does not present the out-of-court statement or its substance. Fed. R. Evid. 801(c). Therefore, Numbered Paragraph 2 is admissible.

13. The picture of the logo is admissible because it is relevant, and Mr. Sanchez authenticated the photo. Fed. R. Evid. 402 and 901. It is not a statement, so it is not hearsay. Fed. R. Evid. 801(c). Therefore, the photo is admissible.

14. In Numbered Paragraph 3, Mr. Sanchez states the contents of his conversation with a City of Dallas employee about the employee's workwear. ECF No. 46-1 at 1. This paragraph is admissible because it does not fall within the definition of hearsay as the statement of an

opposing party's employee within the scope of his employment. Fed. R. Evid. 801(d)(2)(D). A statement does not have to be the exact words of the declarant; it can be a summary of the statement. *See Cruz v. Farmers Ins. Exch.*, 42 F.4th 1205, 1213 (10th Cir. 2022). The statements are within the scope of the employee's employment because the statements concern where the employee obtains workwear. ECF 46-1 at 1. Therefore, Numbered Paragraph 3 is admissible.

**D. Because no new argument was offered in Triple D Gear's Reply, no sur-reply by the City is appropriate in the adjudication of Triple D Gear's request to file counterclaims.**

15. As the issue before the Court at this time is whether Triple D Gear's counterclaims will be allowed. Triple D Gear made no new argument in its Reply, but only added the Declaration as additional new evidence.

16. If the Court allowed, the only appropriate filing made by the City would be some additional argument against allowing the counterclaims, and not on the merits. However, those arguments should have already been filed in the City's Response.

17. Based on the stage of this litigation and the motion before the Court, Plaintiff asserts that no sur-reply would be appropriate.

### III.   PRAYER

Considering the foregoing, Triple D requests this Court deny Dallas's Motion to Strike.

Respectfully submitted,

> */s/Warren V. Norred*
> Warren V. Norred, TBN 24045094; warren@norredlaw.com
> NORRED LAW, PLLC; 515 E. Border Street; Arlington, Texas 76010
> (Office) (817) 704-3984; (Fax) (817) 524-6686
> *Counsel for Defendant*

**CERTIFICATE OF SERVICE** - I hereby certify that on October 3, 2024, I served a true copy of this brief via the Court's CM/ECF system to opposing counsel for the City, Megan M. O'Laughlin, molaughlin@hitchcockevert.com, and Anne Turner, aturner@hitchcockevert.com.

> */s/ Warren V. Norred*
> Warren V. Norred