UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - DALLAS DIVISION

| | |
|---|---|
| **CITY OF DALLAS,** § | |
|     *Plaintiff,* § | |
| § | |
| v. § | Case No. 3:23-cv-02367-K |
| § | |
| **TRIPLE D GEAR, LLC,** § | |
|     *Defendant.* § | |

### DEFENDANT TRIPLE D GEAR, LLC'S OBJECTIONS TO DEFENDANT CITY OF DALLAS'S PRETRIAL DISCLOSURES

TO THE HONORABLE JUDGE OF THIS COURT"

Defendant Triple D Gear, LLC ("TripleD") comes before this Court to file its *Objections to Defendant City of Dallas's Pretrial Disclosures* and would show the Court the following:

## I.  BACKGROUND

1.  Pursuant to this Court's scheduling order (ECF No. 22), the City of Dallas served its pretrial disclosures on Defendant TripleD Gear, LLC on March 24, 2025. A true copy of the pretrial disclosures is attached as Exhibit 1. TripleD now files these objections to the pretrial disclosures, urging this Court to sustain the objections and exclude the subject evidence.

## II.  OBJECTIONS

**A.  TripleD objects to the offered apparel.**

2.  Dallas first offers "Items of apparel bearing the City's Logo," apparently for the purpose of showing that it used the disputed marks in commerce before TripleD. TripleD objects to these items of apparel under Fed. R. Evid. 901 for failure of authentication. If Dallas were just offering these items of apparel to show that Dallas uses the mark, TripleD could not make a successful objection. However, Dallas is offering the apparel to show usage *before* TripleD. TripleD challenges Dallas's ability to produce competent evidence that the produced apparel is what Dallas purports it to be: apparel with relevant marks that predate TripleD's usage of its own marks.

3. Exclusion for the failure of authentication based on the purported condition not being proven to be the same as the offered date has precedent. For example, the First Circuit Court of Appeals upheld a district court's decision to exclude a motorcycle from evidence because the proponent could not show the motorcycle was authentic to the time of the accident. *Siegal v. Am. Honda Motor Co.*, 921 F.2d 15, 17 (1st Cir. 1990). In the same way, Dallas cannot show that the apparel is from before TripleD began using its now contested marks. Therefore, this Court should sustain TripleD's objection and exclude the evidence.

**B. TripleD objects to the offered photographs allegedly from the 1970s.**

4. Dallas offers five photographs as evidence of usage of the Dallas mark in the 1970s before TripleD began using its marks. The photographs are Bates-stamped CITY 00001–05. TripleD objects to these photographs under Fed. R. Evid. 901 for failure of authentication. TripleD challenges Dallas's ability to produce competent evidence that the produced photographs show the usage of Dallas's mark in the 1970s. As the proponent of the evidence, Dallas bears the burden to authenticate these photos. Exclusion for failure to prove the date of the photographs is well precedented. *Turner Dock Transfer Co. v. Terminal Eng'g Co.*, 94 F.2d 79, 80 (2d Cir. 1938). Therefore, this Court should sustain TripleD's objections and exclude the evidence.

**C. TripleD objects to images offered to show Dallas's continued use of its mark.**

5. Dallas offers ten photographs as evidence of Dallas's continuous usage of its mark before and contemporarily with TripleD's usage of its own marks. These photographs are Bates-stamped CITY 00006–015. TripleD objects to these photographs under Fed. R. Evid. 901 for failure of authentication. TripleD challenges Dallas's ability to produce competent evidence that the produced photographs show the usage of Dallas's mark before TripleD began using its mark. As the proponent of the evidence, Dallas bears the burden to authenticate these photos. Exclusion for failure to prove the date of the photographs is well precedented. *Turner Dock Transfer Co. v.*

*Terminal Eng'g Co.*, 94 F.2d 79, 80 (2d Cir. 1938). Therefore, TripleD objects to each proposed photo Bates-stamped 00006–015 for failure to authenticate the photos as showing usage of Dallas's mark before TripleD began using its mark.

**D. TripleD objects to the Dallas Morning News article.**

6.     Dallas offers a newspaper article from the Dallas Morning News, allegedly from August 11, 1972. This article is Bates-stamped 00016–017. TripleD objects to this article as hearsay. Newspaper articles are classic, inadmissible hearsay. *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005). Newspaper articles are hearsay when offered to prove the truth of the matter asserted. *See The Barnes Foundation v. Township of Lower Merion*, 242 F.3d 151, 164 n.4 (3d Cir. 2001); *Hicks v. Charles Pfizer & Co.*, 466 F. Supp. 2d 799, 804–05 (E.D. Tex. 2005). They are not sworn or certified, and the authors are not subject to cross-examination, rendering such articles incompetent summary judgment evidence. *Hicks v. Charles Pfizer & Co.*, 466 F. Supp. 2d 799, 805 (E.D. Tex. 2005). Here, Dallas is offering a newspaper article for the truth of the matter asserted in the article; that is, to support the date of creation of the Dallas mark. As the article is an out-of-court statement offered for the truth of the matter asserted, it is definitional hearsay. Fed. R. Evid. 802; *Roberts*, 397 F.3d at 295. Therefore, TripleD objects to this article as hearsay.

7.     Further, the exception for ancient documents does not apply. The article itself cites various city officials to support the assertion by the author of the article that the Dallas mark was created and began usage in the 1970s. However, these statements are inadmissible hearsay within hearsay. Fed. R. Evid. 805; *Hicks*, 466 F. Supp. 2d at 805. Therefore, TripleD objects to the Dallas Morning News article the City offers and the non-author statements within the article as hearsay within hearsay.

**E. TripleD objects to the Dallas Observer Article.**

8.     Dallas offers a newspaper article from the Dallas Observer, allegedly from June 27, 2012. This article is Bates-stamped 00018. TripleD objects to this article as hearsay. Newspaper articles are classic, inadmissible hearsay. *Roberts*, 397 F.3d at 295. Here, Dallas is offering a newspaper article for the truth of the matter asserted in the article; that is, to support apparent uses of the Dallas mark. However, this article is an out-of-court statement offered for the truth of the matter asserted in the article, which is definitional hearsay. Fed. R. Evid. 802; *Roberts*, 397 F.3d at 295. Therefore, TripleD objects to this article as hearsay.

**F. TripleD objects to the Standard Construction Contract.**

9.     Dallas offers two cover pages from what it proposes are Standard Construction Contract cover pages for the City of Dallas. The pages are Bates-stamped CITY 00025–026. TripleD objects to these pages due to a lack of authentication pursuant to Fed. R. Evid. 901. TripleD challenges the City's ability to produce competent evidence that these are construction contract cover pages from between 1997 and 2002. As the proponent of the evidence, Dallas bears the burden to authenticate these documents. They have neither presented competent testimony nor any other form of evidence to demonstrate these documents are what Dallas purports them to be. Therefore, this Court should sustain TripleD's objections and exclude the evidence.

**G. TripleD objects to the Affidavit of Revenue from the Sale or Service of Alcoholic Beverages.**

10.     Dallas offers a blank, fillable affidavit to demonstrate that Dallas has used its mark since at least 2010. The affidavit is Bates-stamped as CITY 00031. TripleD objects to this form for lack of authentication and for hearsay. First, Dallas bears the burden of showing that the document is a fillable affidavit from 2010. This it has not done. Second, Dallas offers the document, which includes the written statement that it was revised on November 4, 2010. This is an out-of-court

statement offered for the truth of the matter asserted, that is, that the document is from 2010. This violates the rule against hearsay. Fed. R. Evid. 802. Therefore, this Court should exclude this affidavit from evidence.

**H.  TripleD objects to the memorandum concerning West Nile Virus.**

11.     Dallas offers a memorandum concerning West Nile Virus, bearing the City's mark, as support for Dallas's use of the mark in 2015. This document is Bates-stamped as CITY 00037. TripleD objects to this memorandum for lack of authentication and for hearsay. First, Dallas bears the burden of showing that the document is actually a memorandum on West Nile Virus from 2015. This it has not done. Second, Dallas offers the document, which includes the written statement that it was from September 25, 2015. This is an out-of-court statement offered for the truth of the matter asserted, that is, that the document is from 2015. This violates the rule against hearsay. Fed. R. Evid. 802. Therefore, this Court should exclude this memorandum from evidence.

**I.  TripleD objects to the memo concerning a renamed road near Dallas Love Field.**

12.     Dallas offers a memorandum concerning renaming a road around Dallas Love Field airport, allegedly bearing the City's mark, as support for Dallas's use of the mark in 2014. This document is Bates-stamped as CITY 00038. TripleD objects to this memorandum for lack of authentication and for hearsay. First, Dallas bears the burden of showing that the document is actually a memorandum on renaming a road around Dallas Love Field from 2014. This, it has not done. Second, Dallas offers the document, which includes the written statement that it was from October 3, 2014. This is an out-of-court statement offered for the truth of the matter asserted, that is, that the document is from 2014. This violates the rule against hearsay. Fed. R. Evid. 802. Therefore, this Court should exclude this memorandum from evidence.

**J. TripleD objects to the photograph concerning California Crossing Park.**

13.     Dallas offers a photograph concerning California Crossing Park, bearing the City's mark, as support for Dallas's use of the mark in 1997. This document is Bates-stamped as CITY 00039. TripleD objects to this photograph for lack of authentication and for hearsay. First, Dallas bears the burden to show that the document is actually a photograph of California Crossing Park from 1997. This it has not done. Second, Dallas offers the document, which includes the written statement that it was from April 28, 1997. This is an out-of-court statement offered for the truth of the matter asserted, that is, that the document is from 1997. This violates the rule against hearsay. Fed. R. Evid. 802. Therefore, this Court should exclude this memorandum from evidence.

**K. TripleD objects to the photographs of Dallas police cruisers.**

14.     Dallas offers multiple photographs of police cruisers to support a first date of use for the Dallas Mark. These photographs are Bates-stamped as CITY 00041–045. TripleD objects to the photographs for lack of authentication. TripleD challenges Dallas's ability to produce competent evidence that the produced photographs show the usage of Dallas's mark in the 1970s. As the proponent of the evidence, Dallas bears the burden of authenticating these photos and demonstrating the date of the photos. Exclusion for failure to prove the date of the photographs is well precedented. *Turner Dock Transfer Co. v. Terminal Eng'g Co.*, 94 F.2d 79, 80 (2d Cir. 1938). Therefore, this Court should sustain TripleD's objections and exclude the photographs.

**L. TripleD objects to the Street Directory of Census Tracts.**

15.     Dallas offers a street directory of census tracts, bearing the City's mark, as support for Dallas's use of the mark in 1990. This document is Bates-stamped as CITY 00046. TripleD objects to this directory for lack of authentication and for hearsay. First, Dallas bears the burden to show that the document is actually a street directory of census tracts from 1990. This it has not done. Second, Dallas offers the document, which includes a written statement that it was from 1990. This

is an out-of-court statement offered for the truth of the matter asserted, that is, that the document is from 1990. This violates the rule against hearsay. Fed. R. Evid. 802. Therefore, this Court should exclude this memorandum from evidence.

**M. TripleD objects to the District 1 Newsletter.**

16.     Dallas offers a District 1 Newsletter, bearing the City's mark, as support for Dallas's use of the mark in March 1997. This document is Bates-stamped as CITY 00046. TripleD objects to this directory for lack of authentication and for hearsay. First, Dallas bears the burden of showing that the document is actually a District 1 Newsletter from 1997. This, it has not done. Second, Dallas offers the document, which includes the written statement that it was from 1997. This is an out-of-court statement offered for the truth of the matter asserted, that is, that the document is from 1997. This violates the rule against hearsay. Fed. R. Evid. 802. Therefore, this Court should exclude this memorandum from evidence.

**N.  TripleD objects to the Write N' Stick receipts and notebooks.**

17.     Dallas offers Write N' Stick receipts and notebooks into evidence. TripleD objects to the receipts on relevance grounds. For evidence to be admissible, it must be relevant. Fed. R. Evid. 402. The test for relevant evidence is whether it makes a fact of consequence in determining the action more or less probable than it would have been without the evidence. Fed. R. Evid. 401. Plaintiff's presentation of the receipts and notebooks does not make any fact of consequence any more or less likely. Presentation of the receipts and notebooks of TripleD's business does not make it more likely that TripleD's marks are likely to be confused with Dallas's mark. The receipts do not make it any more or less likely that TripleD filed an erroneous application with the Trademark Office, as the receipts were not filed with any application. On all issues where the City bears the burden of proof, the receipts bear no relevance. The City has the burden, as the proponent, to demonstrate that the evidence is relevant. It has not presented a cogent reason for why these Write

N' Stick documents are relevant. Therefore, this Court should sustain TripleD's objection and exclude the evidence.

18. Second, TripleD objects to these Write N' Stick documents as their undue prejudice substantially outweighs their probative value. Fed. R. Evid. 403. Even if these documents are somehow relevant to an issue that will aid in disposing of the action, admission of these documents will cause undue prejudice to TripleD, which substantially exceeds the probative value the jury would gain from their admission. Assuming the documents are relevant, that adds no additional probative value to Dallas's case. Dallas has offered more than 800 pages of documents to support its claims. These range from identifications of when it began using its mark to contemporaneous usage of the mark to official documentation. The jury would gain no benefit from the presentation of evidence concerning TripleD's business, which is not pertinent to the mark. The evidence Dallas seeks to get admitted into evidence is similar to evidence that the Fifth Circuit Court of Appeals confirmed was properly excluded as irrelevant and, if not irrelevant, then unduly prejudicial, substantially exceeding its probative value. *LEBOEUF v. K MART Corp.*, 888 F.2d 330, 333 (5th Cir. 1989). In this slip-and-fall case, the district court excluded evidence of the condition of the defendant store's floors two years after the injury on the basis of Fed. R. Evid. 403. *Id.* The Fifth Circuit upheld the district court's exclusion on the grounds that the evidence had little to no probative value and was likely to prejudice and confuse the jury.

19. Here, the City's presentation of TripleD's attempt to reconstruct records after a fire has no probative value concerning any of the claims on the contested marks. As stated above, they do not make it any more or less likely that the public was likely to confuse the City's mark with TripleD's mark or that TripleD filed an erroneous application for trademark status. Therefore, as in *Lebeouf*, this Court should exclude the Write N' Stick documents on Rule 403 grounds.

### III. CONCLUSION

CONSIDERING the foregoing arguments, Defendant TripleD Gear, LLC asks this Court to sustain its objections to the pretrial evidence that Plaintiff City of Dallas offers and exclude them from evidence. Defendant further prays for all such further relief as to which it may be entitled in law and in evidence.

Respectfully submitted April 7, 2025,

*/s/Warren V. Norred*
Warren V. Norred; TBN: 24045094; warren@norredlaw.com
NORRED LAW, PLLC; 515 E. Border Street; Arlington, TX 76010
(817) 704-3984 (Telephone)
(817) 524-6686 (Fax)

### CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2025, I filed the foregoing document with the Court using the designated CM/ECF filing service, which will serve and send notice of the filing to all Parties seeking service in this action.

   */s/ Warren V. Norred*
   Warren V. Norred