UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - DALLAS DIVISION

| | | |
|---|---|---|
| **CITY OF DALLAS,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 3:23-cv-02367-K |
| | § | |
| **TRIPLE D GEAR, LLC,** | § | |
| *Defendant.* | § | |

### DEFENDANT TRIPLE D GEAR, LLC'S RESPONSE TO PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

In accordance with the Court's Scheduling Order (Doc. 22), Defendant here responds to Plaintiff's proposed findings and conclusions (Doc. 73) by analogously numbered paragraph.

1.  No competent evidence supports any of the requested findings about Dallas. Defendant suggests that a more supportable finding is, "Dallas is a large city in Texas."

2.  No competent evidence supports the expansive finding requested. Defendant suggests that the evidence supports a finding that, "Dallas adopted the following logo as a trademark for use in providing municipal services in 1972."

3.  No competent evidence supports the requested finding. Defendant suggests that the evidence supports a finding that, "Dallas has used the City Logo in the provision of city services continuously since adopting it."

4.  The judgment does not mention "concentric circles" to which Plaintiff refers, so the more accurate finding should eliminate the dependent clause and be corrected to read, "Defendant's predecessor in interest obtained a judgment in a Texas state district court that included a factual finding that "Triple D" is a well-recognized nickname for the City of Dallas, Texas.

5.  Plaintiff attempts to take unwarranted dicta from the subject state case to support a grand narrative which is unwarranted. The subject state case was the result of a motion for summary

judgment in the case where the Defendant was acting pro se and did not substantively defend, and the dicta sought to be used was largely superfluous and without evidentiary support. However, Defendant does not dispute the finding, "The City Logo identifies the City of Dallas."

6.      Defendant has not seen competent evidence that Plaintiff has used its mark commercially to sell t-shirts to others, and the vague language of the offered finding serves no legal purpose.

7.      No challenge.

8.      No challenge.

9.      Though Defendant's Answer admitted this allegation, the complete answer is that Youssef was an employee of Rich Mind Records in 2007, and Youssef and Arturo Sanchez began operating as an unincorporated until 2012, when Triple D Gear, LLC was formed on February 8, 2012, the same day as the '688 Logo application was filed, which a cursory review of documents with the Texas Secretary of State and USPTO demonstrates. Thus, the finding here should be, "In 2007, after previously working solely as an employee for Rich Mind Records, Inc., Ahmed Youssef ("Youssef") began working with Alfredo Arturo Sanchez ("Sanchez") as co-owners of "Triple D Gear" as an unincorporated business, formalizing the business as a limited liability company on February 8, 2012."

10-17.  No challenge.

22.     Defendant asserts that the evidence has shown and will show that Sanchez developed the Ghost Logo for Rich Mind Records, and then used it with Triple D Gear, LLC, which owns the mark today through Sanchez.

23.     No challenge.

Triple D's Notice

24. Defendant has and will provide evidence of use of the Ghost Logo that warrants this Court's acknowledgement and will prevent the requested finding, and thus provides the more proper finding of "The Court finds that the Ghost Logo was used commercially in 2007."

25-28. No challenge.

29. Though the ownership's documentation appears to be incomplete on the application, every indication is that the Defendant or one of Sanchez's related companies owned all of the interests in all of the subject registrations, so the more accurate finding is that, "The Court does not conclude that Sanchez made any material misrepresentation to the Trademark Office in connection with Application Serial No. 88/850,773."

30. Though the subject marks have some similarity, the Court can note that the USPTO granted marks to both parties which are similar, and concluded that they ought to co-exist, which should preclusively impact this factual finding to better be stated as, " The City has not been harmed by any negligent actions in obtaining Registration No. 6,141,994 for the Ghost Logo, which Plaintiff has not shown is unlikely to cause confusion, mistake, or deceive as to any affiliation, connection, or association of Defendant with the City, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by the City."

31. No challenge.

32. No challenge, except that the application filed with the USPTO stated explicitly that Youssef filed the application "DBA Triple D Gear", and the factual finding as stated by Plaintiff is deceptively misleading if that detail is omitted.

33. Similarly to #32, the registration certificate itself lists the owner as "YOUSSEF, AHMED (UNITED STATES INDIVIDUAL), DBA TRIPLE D GEAR" and thus the factual finding should reflect the certificate.

34. No challenge.

35. As with #32 and #33, Plaintiff forgets that the "DBA Triple D Gear" is on the application, and the factual finding should be amended appropriately.

36. No challenge to the statement, though it is inaccurate. As the documents with the Texas Secretary of State and USPTO show, Youssef filed the application and the certificate of formation for Triple D Gear on February 8, 2012. Youssef's actions were inaccurate, in that he was acting as an agent for Triple D Gear, LLC, which was formed that day. Youssef later signs an assignment to clarify any error on this matter. Thus, the more correct factual finding is that "Youssef filed an application on behalf of Triple D Gear, LLC, but inaccurately named the owner has himself, doing business as Triple D Gear, LLC."

37. As noted above, the factual finding sought to be stated here is technically true, but misses the point and is imprecise to fit Plaintiff's narrative. This factual finding should be eliminated in light of the suggestion for #36.

38. As explained above, on February 8, 2012, Triple D Gear, LLC was owner of the marks. Rich Mind Records owned the marks before that time, and did not document any assignment, but Triple D Gear, LLC was the correct applicant and received ownership of the marks from Rich Mind at that time, irrespective of any documentation. The more accurate finding is that, "The Court finds that Defendant's marks were developed by Sanchez as he operated Rich Mind Records, and then assigned to Triple D Gear, LLC as it began operations in 2012."

39. No challenge.

40. As an incontestable mark, Defendant need not provide evidence of its first use in 2007, but only need show that any error in its application be one that was without deliberate fraud or malice. Defendant therefore suggests that the more accurate finding is that "Plaintiff has not shown that Defendant's first use date in its 85/537,432 application was the result of fraud or malice."

41. No challenge.

42. No challenge.

43. No challenge.

44. Plaintiff appears to assume here that Small was aware that the similarity of the subject mark was too close to the City's mark. As the USPTO has granted marks to both parties that have "some" similarity, the USPTO has already determined that no confusion is likely, and this Court should follow suit and simply not make this finding.

45. Same as #44.

46. No challenge.

47. No challenge.

48. Plaintiff confuses Youssef's assignment of 100% of his interest in the mark with a claim to own 100% of all interests in the mark. This factual finding is not warranted or supportable.

49. Under the doctrine of related companies, the Court could and should find, "All of the possible interest holders of the Tilted Star Logo are related and controlled by Sanchez."

50. No challenge.

51. No challenge.

52. No challenge.

53. No challenge.

54. Defendant will show that it owned the subject mark, and this finding should be denied, but instead find that, "Defendant owned the subject mark directly, or through related companies all controlled by Sanchez."

55. Plaintiff assumes that no assignment occurred because it sees no written document in the USPTO assignment database, but the statement can be made accurate by clarifying the statement to read, "Defendant's ownership of rights to the Tilted Star Logo was not documented before February 19, 2020 in any documented assignment."

56. Evidence will show that under the related companies doctrine, the correct statement is, "The Tilted Star Logo was owned at all times by Defendant or a related company."

57. No challenge.

58. Plaintiff will give testimony and explain sufficiently to warrant a finding of 2007 for a first use in commerce, and thus the statement should be, "Defendant has corroborated 2007 as a date of first use in commerce for application Serial No. 88/802,417.

59. No challenge.

60. No challenge.

61. No challenge.

62. No challenge.

63. Defendant's applications do not show deliberate misrepresentations, so the statement should be, "The Court finds no deliberate misrepresentations in the 88/802,417 application."

64. No challenge.

65. No challenge.

66. Plaintiff will provide testimony and show competent evidence, so this finding should be, "Defendant has corroborated its 2014 date of first commercial use."

67. No challenge.

68. No challenge.

69. No challenge.

70. No challenge.

71. Defendant's testimony and applications do not show deliberate misrepresentations, and no evidence provided by any party show any deliberate action as asserted. Defendant suggests, "Plaintiff has not shown that Sanchez made deliberate misrepresentations in the 88/802,417 application."

72. Defendant has not seen any evidence showing harm to the City regarding these matters, and thus asserts the better finding to be, "Plaintiff has not proven that it has been harmed by Defendant's registration. Further, the Court agrees with the USPTO's conclusions that the party's registrations may co-exist."

73. Defendant is unaware of any competent evidence supporting the allegation, and suggests that it simply be not included in the Court's findings of fact.

74. Defendant is unaware of any competent evidence supporting the allegation, and suggests that it simply be not included in the Court's findings of fact.

75. Defendant asserts that "The City's Logo and the Ghost Logo look extremely similar," goes too far in a subjective area, and the word "look extremely" should be removed and replaced with "are similar" and the rest of the statement removed.

76. Defendant asserts that "The City's Logo and Tilted Star Logo look extremely similar," goes too far in a subjective area, and the word "look extremely" should be removed and replaced with "are similar" and the rest of the statement removed.

Triple D's Notice

77. The suggested phrasing of: "The City's Logo, the Ghost Logo, and the Tilted Star Logo are all used on t-shirts and caps for others" is inaccurate, in that "are all used" leaves ambiguity. Trademark law is based on commercial use. The City's Logo is not used to sell apparel, but is used commercially with city services. Thus, the statement should be, "Defendant uses the Ghost Logo and Tilted Star Logo to sell t-shirts and caps for others. The City's Logo is used commercially to sell municipal services."

78. Similarly, "The City's Logo as used on t-shirts for others indicates the City's sponsorship and approval," is inaccurate. The evidence will show "The City's Logo was not used commercially on clothing before Defendant used its logos to sell clothing, but has been used on t-shirts to indicate City's sponsorship by its municipal services since then.

79. Defendant will show that no competent evidence has been provided to the Court regarding these allegations, and the Court should not make such factual findings.

80. Defendant will show that no competent evidence has been provided to the Court regarding these allegations, and the Court should not make such factual findings.

81. Defendant will show that no competent evidence has been provided to the Court regarding these allegations concerning use of the City's goods and services, so the factual finding should be amended to eliminate the reference to the City: "Consumers of Defendant's goods (for which the Ghost Logo and Tilted Star Logo are used) ~~and the City's goods and services (for which the City's Logo is used)~~…"

82. No challenge.

83. No challenge.

84. The first part of the allegation is argument. Defendant has no challenge to the second sentence.

Triple D's Notice

85. No challenge.

86. The first sentence is argument and should be discarded; no challenge to the rest.

87. Defendant will show that it wished for consumers to identify its logos with "dirty, dirty, Dallas," and the offered finding is a conclusion, and not a factual finding.

88. Defendant will show that it sells goods which can exceed $200, and the finding is unsupportably wrong.

89. Defendant asserts the first sentence is irrelevant, and has no objection to the second and third sentence.

90. Defendant will show that, like the USPTO concluded, there is no evidence of confusion and the factual finding (if it is a factual finding at all), should be negated.

91. Defendant has not implicitly made the asserted admissions, but a proper factual finding would be "Defendant's applications contained errors that were not substantial and not deliberate. The errors regarding ownership are not relevant because they are all owned and controlled by Arturo Sanchez."

92. This allegation should be eliminated, as the errors made are not those which a person would deliberately make if he wanted to misrepresent the facts.

93. Plaintiff here attempts to argue that errors regarding handwritten receipts should be cause to find against Defendant. However, the asserted receipts were not relevant to the TTAB proceedings, and not relied upon by the TTAB's conclusions. This attempt at narrative should be denied, and replaced with nothing.

94. Same as #93.

95. The statement made was believed at the time. Other than that, this issue is mere narrative fodder that is irrelevant.

Triple D's Notice

96. Defendant believed that it had produced the police report and is doing so concurrent with this file, though it is late and not relevant to the proceeding. The suggested statement should not be included.

97. All of this is mere narrative fodder; the receipts were not relevant to the TTAB proceeding or applications.

98. Same as #93-98.

99. Same as #93-99.

100. Defendant denies that any error was deliberate here, and it has nothing to do with the relevant allegations.

101. Defendant has already denied the pieces of these narrative statements, and similarly asks the Court to deny the requested factual findings.

102. Defendant has already denied the pieces of these narrative statements, and similarly asks the Court to deny the requested factual findings.

103. Defendant has already denied the pieces of these narrative statements, and similarly asks the Court to deny the requested factual findings.

104. Defendant has already denied the pieces of these narrative statements, and similarly asks the Court to deny the requested factual findings.

105. Defendant has already denied the pieces of these narrative statements, and similarly asks the Court to deny the requested factual findings.

106-118. No challenge.

119+ Defendant asserts the correct conclusion is, "The Court finds the USPTO's conclusion to be correct, and concludes that the lack of confusion found by the TTAB is preclusive to this matter."

Triple D's Notice

Though the law cited by Plaintiffs is largely correct, the analysis by the USPTO should guide the

Court and the remaining conclusions suggested here by Plaintiff should be denied.

        Respectfully submitted,

        /s/*Warren V. Norred*
        Warren V. Norred; State Bar No. 24045094
        Norred Law, PLLC; 515 E. Border Street; Arlington, Texas 76010
        warren@norredlaw.com
        P: 817-704-3984, F: 817-524-6686


**CERTIFICATE OF SERVICE:** I hereby certify that on April 21, 2025, a true and correct copy of the foregoing was served on Plaintiff's counsel of record Megan M. O'Laughlin at molaughlin@hitchcockevert.com via the Court's CM/ECF system.

        /s/ *Warren V. Norred*

Triple D's Notice