IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CITY OF DALLAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-2367-K |
| | § | |
| TRIPLE D GEAR, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Triple D Gear, LLC's Motion for Summary Judgment (Doc. No. 62) and appendices in support (Doc. Nos. 63-65) (together, "Defendant's Motion"). Plaintiff City of Dallas filed a Response (Doc. No. 66), Brief in Support (Doc. No. 67), and Appendix in Support (Doc. No. 68) (together, the "Response"). Defendant did not file a reply and the time to do so has long passed.

The Court has carefully considered Defendant's Motion, the Response, the relevant portions of the record, and the applicable law. In deciding Defendant's Motion, the Court viewed this evidence and all reasonable inferences in the light most favorable to Plaintiff (the nonmovant) and resolved all disputed facts in Plaintiff's favor. *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824 (5th Cir. 2022) (citing *Scott v. Harris*, 550 U.S. 372, 378 (2007)); *see Duval v. N. Assurance Co. of Am.*, 722 F.3d

ORDER – PAGE 1

300, 303 (5th Cir. 2013) (when parties file cross-motions for summary judgment, the court considers each party's motion separately, taking all inferences and viewing evidence in the light most favorable to the nonmovant, and then making its determination of whether judgment can be granted pursuant to Rule 56.).

The Court finds that Defendant fails to establish it is entitled to summary judgment as a matter of law on Plaintiff's claims. *See Owen*, 33 F.4th at 824 (if nonmovant will have burden of proof at trial, movant must show that nonmovant "has completely failed to prove 'an essential element of the nonmoving party's case.'") (cleaned up) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) ("Summary judgment is required when 'the movant shows that there is no dispute as to any material fact and the movant is entitled to judgment as a matter of law.'") (quoting Fed.R.Civ.P. 56(a)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (dispute of a material fact is "genuine" if evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party).

Accordingly, the Court **DENIES** Defendant's Motion for Summary Judgment.

**SO ORDERED.**

Signed September 30th, 2025.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE

ORDER – PAGE 2